

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

|  |  |
|---|---|
| ROBERT MANN,<br><br>      *Plaintiff,*<br><br><br>    v.<br><br><br>JO ANNE B. BARNHART, COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>      *Defendant.* | CIVIL ACTION NO. 6:04-CV-00066<br><br><br><br>OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

On December 6, 2004, Plaintiff brought this action under 42 U.S.C. § 405(g) for review

of the Commissioner's denial of his claim for Disability Insurance Benefits under Title II of the

Social Security Act. By standing order of the Court, this case was referred to the Honorable

Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a

recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion

on March 31, 2005, and May 4, 2005, respectively. The Magistrate filed his Report and

Recommendation ("Report") on August 18, 2005, recommending that this Court enter an Order

affirming the decision of the Commissioner.

On August 22, 2005, Defendant filed Objections to the Report, which obligated this court

to make a *de novo* determination with respect to those portions of the report to which objections

were made. 28 U.S.C.A. § 636(b)(1). After a thorough examination of Defendant's objections,

the applicable law, and the documented record, this Court adopts the Report of the Magistrate

Judge in full, for the reasons stated below.

## I. BACKGROUND

The plaintiff first filed for Disability Insurance Benefits on August 28, 2002, but was denied initially and on reconsideration. An Administrative Law Judge (ALJ) heard the case on June 8, 2004, and released an unfavorable decision on June 21, 2004. Plaintiff's July 23, 2004 letter requesting review was denied by the Appeals Council on October 15, 2004. This suit followed.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1990).

It is the duty of the Commissioner reviewing a case, not the responsibility of this Court, to make findings of fact and to resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (holding that the court does not find facts or try the case de novo when reviewing disability determinations).

## III. DISCUSSION

A review of the record reveals that the ALJ's opinion, and the Magistrate Judge's Report,

are both supported by more than 100 pages of medical records and testimony of both the Plaintiff, his girlfriend, and a vocational expert. The record shows that the Plaintiff, although suffering from lower back pain, is engaged in such activities as light housework, lawn mowing, and hunting and fishing. (R. 81-85) He also has taken responsibility for the care of a toddler from time to time. *Id.* This entire record strongly supports a finding of RFC sufficient to take sedentary work, as the ALJ found. Indeed, many aspects of the record seem to suggest that work at the light level of exertion is possible.

The Plaintiff's objections come down to a single sentence on page 132 of the record, which reads: "As a result of his impairment would Mr. Mann need to be able to get up from a seated position after about 30 minutes and walk around for approximately 5 minutes to relieve his pain?" Mr. Mann's physician, Dr. Chan, presented with this question by Plaintiff's attorney, marked a space labeled "yes" underneath it.

The rules of evidence in administrative procedures are of course much more lax than in jury trials. But it should be clear that this question is leading and has multiple parts, and is thus highly problematic. Its value to a factfinder is very low. Had Dr. Chan been asked a slightly different question–1 hour instead of 30 minutes, stand instead of walk around--it is not clear what his answer might have been. Nor is the proper meaning of "walk around" clear; perhaps Dr. Chan would have approved a few knee-bends while standing in place, or perhaps he would insist on 5 minutes of power walking. The vocational expert testified that there were many unskilled, sedentary jobs which would permit standing up more or less at will so long as the worker did not leave the workstation. (R 167-70). Some stretching or other movement to ease pain should also be possible so long as work is not disrupted. On the other hand, if "walk" is interpreted as "leave the work station and roam the office" the vocational expert testified that no jobs would be

available which would allow such frequent breaks. Thus, the viability of Plaintiff's objection turns on the precise wording of the question, which wording Dr. Chan did not write. Furthermore, it is not clear if the recommended course of action is absolutely required by Plaintiff's maximum expected medical improvement, or whether other treatment options, such as surgery or quitting smoking[1], could allow Plaintiff to sit for longer periods. These ambiguities cannot be resolved by resort to the question itself. Nor is the answer of "yes" supported by any clinical findings or other medical evidence. Had Dr. Chan composed the prescription himself, we would know that it represented his medical judgment. Instead, we have a question composed by Plaintiffs attorney after he had already been denied disability benefits, but just before the ALJ hearing. Thus it is entitled to little, if any, weight.

What we do know of Dr. Chan's medical opinion is found in his much more detailed findings from Plaintiff's last exam on February 23, 2004, where he opined that sedentary work with lifting up to 25 lbs. occasionally was possible. (R. 122) There is no indication in the record of a new examination which warrants the more restrictive finding of the questionnaire. Nor is there any indication that Plaintiff's condition worsened in the intervening 3 months.

Plaintiff asserts that any contradiction in the a treating physician's report requires the ALJ to contact the doctor for clarification, and cites one case from the Second Circuit and another from a district court in that circuit. It is of course far from clear that there is any "conflict" in the treating physician's report given that he consistently has submitted evaluations allowing sedentary work and did not compose the "conflicting" questionnaire. Furthermore, whatever the law in the Western District of New York may be, the Fourth Circuit permits the ALJ to reject

_____

[1]Plaintiff has rejected surgery despite Dr. Chan's recommendation. (R. 149). Plaintiff says that he is "trying" to quit smoking, and is aware that doing so will ease his pain. (R. 156)

even a treating physician's evaluation if it conflicts with other record evidence. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) ("The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence."). There is no requirement that a treating physician be given an opportunity to defend his conclusions from record evidence. Still less is there a rule that a treating physician be given an opportunity to defend a checkmark he made from his own extensive treatment history.

## IV. CONCLUSION

The entire medical record, including the reports of consulting physicians, Plaintiff's treating physician, and Plaintiff's own statements in his application, support the conclusion that the Plaintiff is capable of sedentary work. In fact, there is significant evidence suggesting that a higher level of exertion is possible, as all medical specialists have either said Plaintiff is capable of light work or described limitations consistent with light work. There is at most a scintilla of conflicting evidence, which the ALJ was entitled to grant little weight because of its provenance.

The Report of the Magistrate Judge is ADOPTED in its entirety. The Plaintiff's motion for summary judgment is DENIED. The Defendant's motion for summary judgment is GRANTED. This case shall be DISMISSED from the docket of this court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____
U.S. District Court Judge

DATE: _____ October 26, 2006 _____